GEORGE WADE, Appellant v. EDWARD N. WINSTANLEY, Respondent.

Kansas City Court of Appeals, May 2, 1921.

1. **ATTACHMENT:** Pleading: Cause of Action Stated. In a proceeding for wrongful attachment of a sleeping car, petition *held* to contain all necessary elements of cause of action.

207 Mo. App.—9

2. **INSTRUCTION:** Damages: Instruction Allowing Recovery of Damages Excluded Because not Pleaded is Erroneous. Where court excluded all evidence of damages except as to item of loss of use of sleeping car, and said item of damage was properly covered in one of plaintiff's instructions, it was error to give another instruction for plaintiff authorizing jury to return a verdict in whatever sum would reasonably compensate plaintiff for all damages sustained, for the reson that although court struck out evidence of special damages, not pleaded, yet said instruction not only authorized jury to find damages which were pleaded, but allowed a finding as to other damages.

Appeal from the Circuit Court of Jackson County.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*W. F. Zumbrunn,* and *D. C. Meyer* for appellant.

No brief for respondent.

ARNOLD, J.—This is a suit in damages against a sheriff for wrongful levy by his deputy. Defendant was sheriff of. Jackson county, Missouri, and there was put into his hands as such sheriff, a writ of attachment in the case of W. H. McIntire v. Rio Grande Land Corporation, wherein he was commanded to levy on any property he should find in Jackson county, Missouri, that belonged to the defendant in that case. He levied on personal property claimed to be in the possession of and owned by the plaintiff in the case at bar. Plaintiff, thereafter, brought an action for damages.

This is an appeal from the second trial of the case. At the close of plaintiff's evidence at the first trial the court gave a peremptory instruction to the jury to find for defendant and plaintiff appealed to this court. The cause was reversed and remanded (200 S. W. 435.) The case again was tried in the court below, the evidence being substantially the same at both trials, and the jury returned a verdict for plaintiff in the sum of $350.

The court sustained a motion for a new trial on behalf of defendant and from that ruling plaintiff now appeals.

The property levied on was a sleeping car named Leon, and the evidence of plaintiff tends to show that the car did not belong to the defendant named in the attachment writ, but belonged to plaintiff herein and was in his possession; that he repeatedly so notified defendant's deputy who made the levy, but such deputy refused to acknowledge plaintiff's claim and treated him with much disrespect. The testimony further shows that the deputy seized the car, had it detached from the special train with which it was connected, and held it for a day or two when he released it to plaintiff; and that by such action on the part of defendant plaintiff sustained damages in the loss of the use of the car in the sum of $350.

Defendant has filed no brief, but from the order of the court in sustaining defendant's motion for a new trial, we are able to determine the reasons for the court's action, viz.: "The court erred in giving instruction No. 2, and also erred in not sustaining defendant's objections to the introduction of any evidence in the cause; and further for the reason that plaintiff's petition failed to state a cause of action."

We shall first address ourselves to the last two reasons named in the court's order above. It is not so stated, but from the wording of the order it may be inferred that by sustaining the motion on the ground "that the court erred in not sustaining defendant's objection to the introduction of any evidence," the court held that the petition failed to state a cause of action. And this ruling would also cover the further reason given that "plaintiff's petition fails to state a cause of action."

The petition clearly contains the necessary elements of a cause of action and pleads damages in the following language: "That at the time said car was seized, the same was coupled to and made a part of a special train running from Kansas City, Missouri to Brownsville,

Texas, and that plaintiff was operating his individual car as a part of said special train for the accommodation of his patrons, and the sheriff knowing this fact, compelled said train to be uncoupled, the said car set out, thus preventing the plaintiff from securing the benefits of the operation of said car and its earnings to Browns-ville, Texas, and return.''

The action of the trial court in sustaining defendant's motion for a new trial will be sustained upon the remaining ground given, to-wit, error in giving instruction No. 2 for plaintiff.

The record shows that the court, upon objection by defendant properly excluded all evidence of damages except as to the one item, namely, the loss of the use of the car. This was properly covered in instruction No. 1, given on behalf of plaintiff, as follows: ''. . . and if after being informed that the car 'Leon' was plaintiff's property and in his possession, if you so find, the deputy sheriff compelled said car to be detached from the train of which it was a part, then the jury are instructed that your verdict should be for the plaintiff, and you will return judgment in plaintiff's favor in whatever sum you may believe will compensate him for any reasonable loss sustained, not exceeding three hundred and fifty dollars ($350 ).''

Instruction No. 2 complained of is as follows: ''If your verdict be for the plaintiff, then in arriving at the damages which he should recover, if any, you may take into consideration the loss of the use of the car 'Leon' if you find there was a loss, and then return a verdict in whatever sum you may believe would reasonably compensate plaintiff for all damages sustained.''

The giving of said instruction No. 2 was error in this, that after limiting the finding in instruction No. 1 as referred to above, it erroneously gives the jury the right ''to'' return a verdict in whatever sum you may believe would reasonably compensate plaintiff *for all damages sustained.*'' (The italics are ours.) This instruction was erroneous for the reason that although

the court struck out the special damages because not pleaded, yet instruction No. 2, not only authorizes the jury to find the damages which were pleaded, but allows a finding as to other damages.

Instruction No. 1 fully covered all the damages allowable under the petition; and hence instruction No. 2 was wholly unnecessary and inconsistent.

The action of the court in sustaining the motion for a new trial was proper, and the judgment accordingly is affirmed.

All concur.